JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GONZALEZ, SR., an individual, | ) CASE NO. CV 15-2870-R |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S ) MOTION TO REMAND |
| v. | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; RAGHBIR S. GAMBHIR, an individual, and DOES 1 - 50, inclusive, | ) ) ) ) ) |
| Defendants. | ) |

Before the Court is Plaintiff's Motion to Remand, which was filed on May 15, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on July 1, 2015.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.

*Id*.  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.

There are two grounds for federal subject matter jurisdiction: (1) federal question jurisdiction under Title 28 U.S.C. § 1331; and (2) diversity jurisdiction under Title 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332 (a)(1)-(2).

Here, Plaintiff, a California resident, brought suit in state court against defendant Metropolitan Life Insurance Company ("MetLife"), a New York corporation, and defendant Raghbir Gambhir, a California resident, for failure to pay benefits allegedly due under a life insurance policy.  On April 17, 2015, Defendants removed the action to this Court on the grounds of diversity.  Defendants argue that Gambhir is a sham defendant who was joined in the action solely for the purpose of defeating diversity.

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been `fraudulently joined.'" *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).  Fraudulent joinder is a "term of art" courts use to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).  In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir.1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002).

There is a "general presumption" that a plaintiff's sole purpose for including a defendant residing in the same state as the plaintiff in the lawsuit is not to defeat diversity jurisdiction.

2

*Hamilton Materials, Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).  "[T]he defendant must demonstrate that *there is no possibility* that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (emphasis added).  If there is a "non-fanciful possibility" that the plaintiff can state a claim against the non-diverse defendant, then the court must remand the case. *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

It is undisputed that both Plaintiff and Gambhir are residents of California for purposes of diversity.  As such, diversity is not present, and remand must occur, unless Defendants can show that Gambhir was fraudulently joined.

Plaintiff's claims against Gambhir for negligence allege that Gambhir breached his duties as an insurance agent by failing to procure the proper coverage for Plaintiff's loss, and by failing to advise Plaintiff of any lapse in coverage.  Defendants, on the other hand, argue that Plaintiff cannot state a viable claim for negligence against Gambhir because Plaintiff cannot establish Gambhir owed Plaintiff a duty, or that Gambhir breached any duty.  Defendants contend that because Plaintiff's claims against Gambhir fail as a matter of law, Gambhir has been fraudulently joined, and Plaintiff's motion to remand should be denied.

Generally, "where the agent contracts in the name of the insurer and does not exceed that authority, the insurer is liable and not the agent." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1298 (C. D. Cal. 2000)(citations omitted).  However, it is well-settled that an insurance agent may be directly liable for misrepresenting the extent or nature of coverage, or if the agent holds himself out as having expertise in the area of insurance sought by the insured. *Levine v. Allmerica Fin. Life Ins. & Annuity Co.,* 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999) (citing *Fitzpatrick v. Hayes,* 67 Cal.Rptr.2d 445, 452 (1997)). In addition, an insurance agent has an "obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured." *Butcher v. Truck Ins. Exch.,* 77 Cal. App. 4th 1442, 1461 (2000) (citing *Jones v.*

*Grewe,* 189 Cal.App.3d 950, 954 (1987)). An agent's failure to deliver the agreed-upon coverage may constitute actionable negligence and the proximate cause of an injury. *See id.* (citing *Desai v. Farmers Ins. Exchange,* 47 Cal.App.4th 1110, 1120 (1996)).

Moreover, it is an "established rule that if a dual agency exists, the law does not foreclose recovery by the insured." *Icasiano v. Allstate Ins. Cos.*, 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000). (citation and quotation marks omitted). "Under California law, a dual-agent theory requires that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer." *Good v. The Prudential Insurance Company of America*, 5 F. Supp. 2d 804, 808 (N.D. Cal.1998). If an insurance agent is a dual agent, that agent owes a duty to both the insurer and the insured. Consequently, the agent may be liable to the insured for negligence or other tortious behavior even if committed within the scope of his role as an agent of the fully disclosed insurer. *Levine,* 41 F. Supp. 2d at 1079.

Here, Defendants' argument that Gambhir cannot be liable because the alleged actions occurred while Gambhir was performing his duties as an agent of MetLife simply begs the question of whether Gambhir was acting within the scope of his duties during his interactions with Plaintiff. The determination of whether Gambhir was acting within the scope of his duty and whether dual agency exists is a question of fact. Construing all facts in Plaintiff's favor, it is not obvious according to settled law that Plaintiff cannot state a cause of action against Gambhir for negligence. Although this is a close case, the Court finds that there is a "non-fanciful possibility" that Plaintiff can state a claim against Gambhir under California law. Accordingly, Defendants have failed to meet their heavy burden of showing there is no possibility Plaintiff can establish a cause of action for negligence against Gambhir.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. No. 13)

Dated: July 7, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE